UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

IN RE:  MAGISTRATE NUMBER: 1:10-mj-00009
<u>SEALED</u>

**KATHERINE A. HOOVER'S RESIDENCE
LOST CREEK, HARRISON COUNTY, WV**

<u>UNITED STATES RESPONSE TO MOTION TO UNSEAL</u>

Comes now the United States of America by Betsy C. Jividen, United States Attorney for the Northern District of West Virginia and John C. Parr, Assistant United States Attorney, with its response to the Motion to Unseal filed by Dr. Katherine A. Hoover (M.D.) ("Movant").

While the United States generally joins in the Motion to Unseal, the United States respectfully requests that this Court maintains the seal of:

1. Autopsy Photos
2. "COMPLETE Patient Seizure List"
3. "Return/Inventory," and
4. "Affidavit" in support of the application for a search and seizure warrant.

The United States further requests that the Court file redacted copies of the "COMPLETE Patient Seizure List," "Return/Inventory," and "Affidavit" in support of the application for a search and

seizure warrant.  Proposed redacted copies are attached hereto as "Exhibit 1."

A search warrant was issued in this matter on March 1, 2010. It was sealed by order of this Court, along with all related documents.  The search warrant was executed on or about March 2, 2010 at the Lost Creek, West Virginia residence of Dr. Katherine A. Hoover, M.D.  A copy of the warrant and the inventory were left at the scene of the search as Movant was not present during the search, nor was anyone else.

On July 8, 2010, Movant filed a "Motion to Unseal" the case. Therein she asserts that "[n]o patient records were seized from Harrison County unless they were taken and not listed."  Further, she asserts that the autopsy photographs that she attached to a previous pleading were previously made public.

The United States notes that the "Return/Inventory" specifically lists "9 pills in a Bottle (Morphine)," found on a stove, in the name of an individual whose privacy is an issue.  As the inventory was left at the search location, Movant should have access to that name.  That is the only piece of information that the United States seeks to redact on the "Return/Inventory."

The autopsy photographs that Movant attached to her June 14, 2010, "Motion to Vacate Search and Seizure Warrant of March 1, 2010 and for Remedial Action" should not be viewed by the public as they are not relevant to this proceeding, regardless of whether they may have been, as Movant asserts, made public.

The basis for this motion with regard to redaction of the "COMPLETE Patient Seizure List," "Return/Inventory," and "Affidavit" in support of the application for a search and seizure warrant is to prevent and/or minimize obstruction, witness tampering, and/or retaliation and also to protect sensitive and/or privileged patient information and/or drug treatment records restricted pursuant to 42 U.S.C. § 290dd-2(b)(2)(C).

The United States has an ongoing investigation involving individuals and entities named in the affidavit. The United States has executed numerous civil seizure warrants and criminal search warrants and has issued administrative subpoenas. Although the United States has seized cash in excess of $1,000,000.00 in the investigation, it is believed that the illegal activity involved generated well in excess of $4,000,000.00. One of the individuals who is the subject of the investigation, Dr. Katherine Hoover (M.D.), has, apparently, left the country.

At least one outstanding administrative subpoena seeks complete medical records and documents regarding individuals named in the "Court Testimony," "Witness Statements," and "Undercover Visits" sections of at least one of the incorporated affidavit.

Further, as set forth in paragraph 16 of the Search Warrant Affidavit of M. T. Smith, in which is incorporated by reference, at least one individual target of this investigation, Movant, has a history of submitting false and/or altered documents in an attempt

to influence and/or obstruct an investigation into her medical practice.

While certain medical records and documents have been seized and/or produced, certain administrative subpoenas are outstanding and/or carry an ongoing duty of disclosure.

The United States has received information confirming that responsive materials may exist in at least one location that was not searched.  It is believed that the materials may be under the control of an individual who has a previous federal conviction/criminal history and who is believed to be involved in and/or profiting from the instant criminal activity and/or another potential target of the ongoing criminal investigation.

Certain investigators in this matter also handled the federal prosecution of Dr. Donald Kiser (D.O.), who is also mentioned in the affidavit.  In that case, evidence was discovered indicating that Dr. Kiser, and others acting on his behalf, altered a patient's medical record in an effort to obstruct the United States investigation.

In this case, in particular, the United States submits that if the names of individuals in the "Court Testimony," "Witness Statements," and "Undercover Visits" sections of the incorporated affidavit of M. T. Smith, are disclosed at this time, there is a significantly increased risk of obstruction.  It would, for example, be much easier for additional "patient records" to be fabricated and provided in an attempt to obstruct the investigation

if the targets thereof knew which "patients" and "undercovers" have provided evidence to the United States.

Retaliation is also a real concern. Given the significance of the medical practice at issue as a source of controlled substances for use by drug addicts and/or for illegal re-sale, and the enormous profits involved, the potential for retaliation against individuals named in the affidavit who provided information is of great concern to law enforcement and the United States, notwithstanding the fact that much of the information was given in the past.

If, at this time, targets of the investigation and/or drug users/abusers and sellers learn of the identity of witnesses who have eliminated and/or interfered with their source of supply for illegal drugs and enormous profits, the potential for obstruction and/or retaliation is great and outweighs the countervailing interests.

Moreover, the "COMPLETE Patient Seizure List," the "Return/Inventory," and the "Affidavit" in support of the application for a search and seizure warrant, all contain sensitive and/or privileged patient information, including some information which may be protected by 42 U.S.C. § 290dd-2(b)(2)(C), as drug treatment records. Movant has demonstrated no reason why the autopsy photographs are relevant to this matter.

5

WHEREFORE, as the United States agrees with Movant that this matter should be unsealed generally except as indicated herein, it respectfully requests that the "COMPLETE Patient Seizure List," the "Return/Inventory," and the "Affidavit" in support of the application for a search and seizure warrant, be sealed and that the attached, redacted copies be filed.  Further, the United States asserts that the autopsy photographs should remain sealed.

    Respectfully Submitted,

    BETSY C. JIVIDEN
    United States Attorney

By:
    s/JOHN C. PARR
    JOHN C. PARR Bar Number: 2819
    Assistant U.S. Attorney
    1125 Chapline Street
    Wheeling, WV  26003
    Telephone:  (304) 234-0100
    Fax:  (304) 234-0111
    E-mail: john.parr@usdoj.gov