```
          UNITED STATES DISTRICT COURT FOR THE
            NORTHERN DISTRICT OF WEST VIRGINIA
                        WHEELING

IN RE:                           MAGISTRATE NUMBER: 1:10-mj-00009
                                 SEALED

 KATHERINE A. HOOVER'S RESIDENCE
 LOST CREEK, HARRISON COUNTY, WV
```

### RESPONSE OF THE UNITED STATES TO MOTION TO VACATE SEARCH AND SEIZURE WARRANT OF MARCH 1, 2010 AND FOR REMEDIAL ACTION AND ADDENDUM

Comes now the United States of America by William J. Ihlenfeld, II, United States Attorney for the Northern District of West Virginia and John C. Parr, Assistant United States Attorney, with its response to Katherine A. Hoover's ("Movant") Motion to Vacate Search and Seizure Warrant of March 1, 2010 and for Remedial Action and the Addendum thereto.

### FACTS

On March 2, 2010, a federal search warrant was executed at Movant's Residence in Lost Creek, Harrison County, West Virginia. The warrant was issued on March 1, 2010, by this Court. No one was at home when the warrant was executed. Copies of the return and inventory were left at the scene.

Movant apparently resided on the property, on weekends, with her husband, John Tomasic and her son, Stephen Tomasic. Based upon her filings in this matter, and other investigations, it appears that Movant also has a boat and a condominium in Florida and property in the Bahamas where she may reside at times.

Prior to the execution of the search warrant, Movant, a medical doctor, worked in a "medical clinic" in Williamson, West Virginia. The clinic was known to law enforcement and the community as a "pill mill." According to the West Virginia Board of Pharmacy ("WVBOP") Prescription Monitoring Program, Movant was the number one prescriber of controlled substances from December 2002 to January 2010. During that time frame, the WVBOP reported, 335,132 prescriptions for controlled substances, issued in Movant's name/Drug Enforcement Administration (DEA) number, were filled at pharmacies in West Virginia. This figure does not include any prescriptions which may have been filled at pharmacies in other states, including Kentucky, which is just over the border from Williamson, West Virginia. In 2009, controlled substance prescriptions were filled in 30,472 individuals' names under Movant's name/DEA number, at West Virginia pharmacies, according to the WVBOP.

Generally, established customers at the Williamson clinic paid at least $150 cash for their monthly visits. New customers generally paid $450 cash for their first visit. The vast majority of the customers received controlled substance prescriptions, generally hydrocodone and alprazolam, which are drugs of choice for abuse, diversion and street sales. Thus, millions of dollars in cash was generated by the clinic and Movant's association therewith.

While working at the clinic in Williamson, movant often stayed in the home of her friend, Dr. Diane E. Shafer, M.D.  Dr. Shafer closed her office and surrendered her DEA registration and her West Virginia Medical license after a search of her office in December, 2009.

Shortly after the execution of the instant search warrant and related warrants in Williamson, and elsewhere, Movant apparently fled to the Bahamas.

Items seized pursuant to the warrant at issue include, but are not limited to: pills found in a vehicle: suspected morphine (found in a bottle with a name other than movant's); financial documents in the name of John Tomasic; correspondence with the West Virginia Board of Medicine; checks; computers; the title to a vehicle and the deed to property in the name of Stephen Tomasic; phone bills; banking and tax records and the title to a BMW.

On June 14, 2010 Movant, who is representing herself in this matter, filed her "Motion to Vacate Search and Seizure Warrant of March 1, 2010 and for Remedial Action."  The "Addendum" thereto was filed on July 8, 2010.  Movant requests that the Court "vacate the search and seizure warrant, alleging among other things, that the Court lacked subject matter jurisdiction and "failed to protect the innocent patients" of Movant's practice in Williamson, West Virginia.  Movant asserts, that this Court has "violated 'treaty law' which supersedes constitutional law."

Movant also asserts, among other things:

1. That she was not provided with a list of the items seized. However, as the Return/Inventory plainly indicates on its face, the warrant and the inventory log were left at the scene of the search. Further, excerpts from the search warrant inventory are clearly in Movant's possession as she attached excerpts to her addendum, filed in this matter on July 8, 2010 (See Docket 11-1 pg. 2 of 2).

2. That "there was no list for the items stolen (no warrants were issued) from our boat in Green Cove Springs, Fla. or our condo in Hollywood, Fla." It is not clear how this relates to any action taken by federal authorities in the Northern District of West Virginia. Further, the United States has no knowledge of, or further information regarding the alleged thefts.

3. That there have been "multiple entries to our property in Harrison County after the date of the search warrant". Movant asserts that some items removed during the search were returned during the alleged re-entries. The United States entered the residence on only one occasion pursuant to the federal search warrant, and has no knowledge of these alleged "re-entries" or the return of any items.

4.   That she and her husband have been "poisoned" because of their lawsuit against the West Virginia Jail Authority.  The United States has no evidence, beyond Movant's assertion, of poisoning.

Movant asks that this Court find Assistant United States Attorney Monica K. Schwartz (who is directing the investigation of the Movant in the Southern District of West Virginia) "in contempt," and "that a proper investigation be done regarding multiple human rights violations, and that all property be returned and damages paid for property damaged and lost wages."

## APPLICABLE LAW

Movant's motion is properly considered as a motion to return property pursuant to Federal Rule of Criminal Procedure 41(g), which provides as follows:

> **(g) Motion to Return Property**.  A person aggrieved by an unlawful search and seizure of property or by the depravation of property may move for the property's return.  The motion must be filed in the district court where the property was seized.  The Court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, a motion for return of property "may be denied if the [movant] is not entitled to the lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." United States v. Rudisill, 358 F. Appx 421 (4th Cir. 2009)(citing United States v. Van Cauwenberghe, 934 F.2d 1048, 1060-61 (9th Cir. 1991)).

Movant has not demonstrated that she is entitled to possession of certain items of seized property.  For example, Movant is not be entitled to the return of morphine (a controlled substance) that was in a bottled marked with another person's name.  Such possession by Movant would likely be unlawful.  Furthermore, as the United States has an ongoing investigation related to Movant's medical practice and the millions of dollars it generated.  The seized items are relevant to that ongoing investigation and, therefore, they are needed by the United States.

The seizure of the items at issue here was proper as they were within the scope of a duly issued search warrant.  Further, the United States has a continuing need for the evidence.

Wherefore, Movant's motion should be denied.

To the extent that there is any factual determination necessary for the court to rule, the United States requests that this Court schedule an evidentiary hearing and require Movant to appear in person.

                    Respectfully Submitted,

                    WILLIAM J. IHLENFELD, II
                    United States Attorney

By:

                    s/JOHN C. PARR
                    JOHN C. PARR Bar Number: 2819
                    Assistant U.S. Attorney
                    1125 Chapline Street
                    Wheeling, WV  26003
                    Telephone:  (304) 234-0100
                    Fax:  (304) 234-0111
                    E-mail: john.parr@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "Response of the United States to Motion to Vacate Search and Seizure Warrant of March 1, 2010 and for Remedial Action and Addendum" has been electronically filed and service has been made on Movant by federal expressing the same this the 11th day of August, 2010, to:

>Katherine A. Hoover, M.D.
>c/o Dr. Norman Gay
>247 West Bay Street
>Nassau, Bahamas

>s/JOHN C. PARR
>JOHN C. PARR Bar Number: 2819
>Assistant U.S. Attorney
>1125 Chapline Street
>Wheeling, WV  26003
>Telephone:  (304) 234-0100
>Fax:  (304) 234-0111
>E-mail: john.parr@usdoj.gov