UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF WEST VIRGINIA

**FILED**
AUG 1 3 2010
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

In the Matter of the Search of:

Katherine A. Hoover MD's Residence
Lost Creek, Harrison County
West Virginia

Case No. 1:10 MJ 009
Judge James Seibert

## MOTION FOR SUMMARY JUDGMENT OF MOTION TO VACATE SEARCH AND SEIZURE WARRANT OF MARCH 1, 2010 AND REMEDIAL ACTION

NOW COMES Katherine A. Hoover MD, pro se, and commands the Court to issue SUMMARY JUDGMENT and ORDER the return of all of the property removed from Katherine A. Hoover MD, John F. Tomasic, and Stephen J. Tomasic with prejudice.

### HISTORY OF THE CASE

Katherine A. Hoover MD was a duly licensed physician in West Virginia from 1978 through May 2010. The practice at 35 West Third Ave., Williamson, W.Va. has been investigated by federal agents since 2003. Dr. Hoover was monitored by a physician approved by the West Virginia board of Medicine for approximately eighteen months prior to the raid on March 2, 2010. The West Virginia Board of Medicine accepted and approved of the filed reports and changed the monitoring from monthly to every three months. Dr. Hoover's license was improperly revoked in May 2010 because she was too ill to attend a licensure committee meeting over a complaint from 1995 regarding a conversation with a patient. No complaint regarding narcotics was ever pursued b the West Virginia Board of Medicine. The US Attorney's office, knowing full well that it has no subject matter jurisdiction over medical practices, has viciously pursued doctors in the Southern District of W.Va. and denied the human rights of the patients of those doctors. In STATE OF OREGON, Plaintiff, and Peter Rasmussen, et al plaintiffs/intervenors v. John Ashcroft, in his official capacity as United States Attorney General, Asa Hutchinson, in his official capacity as Administrator of the Drug Enforcement Administration, Portland office, UNITED STATES OF AMERICA, United States Department of Justice; and the United States Drug Enforcement Administration, Defendants 192 F. Supp. 2d 1077 (2002) Judge Robert E. Jones made it clear the role of federal prosecutors in the enforcement of

CSA in paragraph 100 "What does this add to the issue at hand? I have already explained that the core objective of the SA was to permit federal prosecution of drug dealers, drug abusers, and "practitioners" who engage in the illegal diversion and distribution of drugs. Defendants (ie the Justice Department) cannot seriously conclude from the above quoted language that Congress delegated to federal prosecutors the authority to define what constitutes legitimate medical practice. *fn15. To state the proposition is to refute it. Federal prosecutors have never possessed such powers, and the vagueness of the reference would render any alleged violation based on a prosecutor's subjective views about medical practice unenforceable." This case was appealed in Gonzales v. Oregon 546 US 243 (2006) and upheld by the United States Supreme Court. Clearly, Ms. Monica Schwartz lacked subject matter jurisdiction to request warrants and the Court lacked subject matter jurisdiction to issue them. John Parr lacked subject matter jurisdiction to do Ms. Schwartz a "favor" and ask Judge Seibert to issue the Warrant that he signed on March 1, 2010. Dr. Hoover does not know what ex parte communication was presented to Judge Seibert to obtain the required signature if it was his signature on the subpoena. (The West Virginia Board of Medicine used forged signatures on subpoenas, complaints, and orders which the West Virginia Supreme Court ruled was illegal in West Virginia Board of Medicine v. Katherine A. Hoover MD.)

    The practice at 35 West Third Ave., Williamson, W.Va. diligently discharged any patient who was found to abuse or sell drugs. The office worked closely with local law enforcement both from West Virginia and Kentucky and dealt with any patient who was not a pain patient by discharging them from the practice and seeking help for them. (The help for those medically ill with addiction is extremely limited.) The raid on March 2, 2010 was done by federal agents (Judge Haden in Criminal No. 2:99-00012-01, 02. 10 stated, "Charleston police detectives who were DEA task force agents...) and there was a federal warrant for Dr. Hoover's property in Harrison County, West Virginia. The search warrant did not extend to Stephen J. Tomasic's property. It appears that the US Attorney's office for the Northern District of West Virginia was used by Ms. Schwartz to assist with these illegal raids when there was no subject matter jurisdiction ever. The raid of Dr. Hoover and Mr. John Tomasic's house caused extensive damage and disruption. Antique paintings were pulled from the walls and slit. All records were strewn about; some were taken from the main house and dumped in the apartment. Approximately $9,000.00 worth of cash was stolen from the trunk of the black Mercedes. This money was not listed on the list left on the property. The title to the farm was stolen on March 2, 2010, but later returned. The title to our Bahamian property was stolen and never

returned.   The title to Stephen Tomasic's legally purchased house in Clarksburg was taken and should be immediately returned.

Records from the murder of our son Michael Tomasic that had been stolen in 2007 were returned after the raid and placed in the same place they had been in. at the time of the original theft.  This fact links the agents involved in the March 2, 2010 raid with the agents who stole to records initially.  The original theft had been reported to the State Police; the return of the property was noticed by Mr. John Tomasic and reported to Dr. Hoover and Kathleen Hatfield, former legislative counsel for Senator Byrd.  Ms. Hatfield was aware of the entire circumstances surrounding the murder of our son Michael Tomasic and the cover up by every agency.  The US Prosecutor for the Northern District of West Virginia was and is aware of this tragedy, but lacks an investigative branch.  Several weeks ago the apartment on Dr. Hoover's and Mr. Tomasic's property was entered, upon information and belief by federal agents, and the bonds and CD's left to John Tomasic and Stephen Tomasic by John Tomasic's mother (who died at the age of 94 y.o.) were taken by agents of the federal government.

Dr. Hoover's illness from poisoning was severely exacerbated by the stress of these illegal raids forcing her to seek expert medical care from Dr. Norman Gay in Nassau, Bahamas.  Ms. Schwartz lacked ethics in publishing false information about Dr. Hoover in the press.  Ms. Schwartz was notified immediately by Dr. Hoover and her husband, John Tomasic,  of her move to Nassau for emergency medical care and safety.  Dr. Hoover LEGALLY moved to the Bahamas for medical care and safety.  Dr. Hoover did not flee.  This is a constitutional and human right of Dr. Hoover's: the right to life, liberty and the pursuit of happiness and the right to confidential medical care.

The search warrant issued by Magistrate Judge Seibert was at the request of Ms. Schwartz, assistant US attorney for the Southern District of West Virginia.  Mr. John Parr formerly worked in the Southern District and was Ms. Schwartz's supervisor.  The Northern District has a Clarksburg office in Harrison County.  Dr. Hoover questions why that office was not used.  Magistrate Judge Kaull presided over the award from the Jail Authority to Dr. Hoover and her family.  Judge Kaull knew some of the truth about Michael's torture and death. Did Magistrate Judge Kaull refuse to sign a search warrant because he was aware of the lack of subject matter jurisdiction and the suffering of Dr. Hoover and her family at the hands of the government?  Ms. Schwarz did not have subject matter jurisdiction and slandered Dr. Hoover in the press with undocumented numbers of prescriptions and money.  The patients signed a contract with the office at their initial visit and at every subsequent visit that they needed medications for medical purposes and would use them appropriately.  Contracts cannot be changed legally without

the consent of the parties. Ms. Schwartz has no subject matter jurisdiction over contracts: Article I Section 10 of the United State Constitution "No State shall...pass any...law impairing the obligation of contracts..." and the Tenth Amendment "The powers not delegated to the <u>United States by the Constitution,</u> nor prohibited by it to the States, are reserved to the <u>States and</u> **to the people.** (emphasis added) The publishing of prejudicial information regarding pain patients and their doctors has even extended to former Chief Justice for the Southern District of West Virginia Goodwin when he "expressed general concern about the number of physicians in Southern West Virginia who illegally prescribe controlled substances." ( Exhibit A) Dr. Hoover does not know if this bias extends to the Northern District of West Virginia. The use of "informants" who pose as patients is illegal under West Virginia law, which supercedes federal law when it involves medical practice. (exhibit B)

## CONCLUSIONS OF LAW

The CSA has been set up by Congress to deal with the problem of drug abuse and drug trafficking in the United States, not to regulate the practice of medicine, States have total jurisdiction over the practice of medicine. By any standard, these laws have been a total failure. The actions by the US Attorney for the Southern District of West Virginia are improper as a matter of law because there is no subject matter jurisdiction; since the actions taken by the Northern District are based on a request from the Southern District they are also illegal because there is no subject matter jurisdiction. The practice of medicine is based on trust and communication. Statements made by lying informants are illegal: WV Code S60A-4-410. Every prescription was issued in good faith to patients needing medical treatment. Every patient had a signed contract. Any person with needs other than pain treatment was discharged and referred appropriately. Dr. Hoover strongly disagreed with jailing any person because of the murder by the guards at NCRJ of her son Michael Tomasic as documented in NDWV 07-C-47 after nine hours in jail after an illegal arrest. (Jails in West Virginia violate the Eighth Amendment, but that is another issue.)

The Court has a clear duty to return all of the property seized from Katherine A. Hoover MD and her family and award damages. The trampling of the rights of Dr. Hoover and the patients treated at 35 West Third Ave. Williamson, W.Va. is a travesty of the Constitution and Human Rights Treaties. The suffering that has resulted from the actions of Ms. Monica Schwartz and Magistrate Judge Mary Stanley is tragic. The suffering of Dr. Hoover and her family that resulted from the invasion of their property on

Mach 2, 2010 and the subsequent entries on to their property has been devastating.

The rights that have been violated include the Fourth Amendment, the Tenth Amendment, the CSA, Article I Section 10 of the Constitution, West Virginia law regarding the right to pain treatment and requiring patients to be truthful with a physician, the Court decisions Gonzales v. Oregon 546 US 243 (2006) and related cases, Bevins v. Six Unknown Named Federal Agents of Narcotics 42 US 388 (1971) and International Human Rights Treaties. There has been no action by the West Virginia Board of Medicine regarding Dr. Hoover's practice in Williamson, W.Va. and it has supervised that practice for over a year. This is prima facia evidence that there has been no illegal prescribing by Dr. Hoover. Clearly, this Court, by issuing a subpoena at the request of Ms. Monica Schwartz, has violated the Constitutional rights of Dr. Hoover and her family causing great harm. The duty of the Court and federal prosecutors as stated by Judge Haden in Criminal No. 2:99-00012-01: "As such, he (referring to a federal prosecutor) is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer.' "citing Berger v. United States, 295 U.S. 78, 88 (1935). Innocence has suffered.

WHEREFORE, Katherine A. Hoover MD, pro se, requests that an unbiased judge GRANT SUMMARY JUDGMENT to Dr. Hoover, ORDER all of the seized items returned with prejudice and award damages for the destruction of property and mental suffering.

Respectfully submitted,

*Katherine A. Hoover MD*
Katherine A. Hoover MD

CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing MOTION FOR SUMMARY JUDGMENT.. has been sent to the U.S. Attorney's office for the Northern District of West Virginia and to the AP on August 12, 2010.

*Katherine A. Hoover MD*   Please Fed-ex your response or fax to
Katherine A. Hoover MD        242-328-4014.   Thank you.
c/o Dr. Norman Gay                              K. Hoover
247 West Bay Street
Nassau, N.P., Bahamas
242-525-4018

5