UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

IN THE MATTER OF THE SEARCH OF

KATHERINE A. HOOVER'S RESIDENCE,
LOST CREEK, HARRISON COUNTY,
WEST VIRGINIA.                                              CASE NO. 1:10MJ9

### ORDER DENYING MOTION TO RECUSE JAMES E. SEIBERT

I. Introduction

**A.     Background**

On March 1, 2010, a search warrant was issued on the above-captioned residence seeking evidence of a crime; contraband, fruits of a crime, or other items illegally possessed; and property designed for use, intended for use or use in committing a crime related to violations 21 U.S.C. §§ 846, 841(a)(1), 843 (a)(2) and 3 and 18 U.S.C. §§ 1347 and 2.[1]

The search warrant was executed March 2, 2010 and returned March 12, 2010.[2] The return lists financial records and documents, computers and computer records, income tax returns and patient records among the things seized.

Katherine A. Hoover ("Hoover") filed a Motion to Vacate Search and Seizure Warrant of March 1, 2010 and for Remedial Action on June 14, 2010.[3]

---

[1] Dkt. No. 2.

[2] Dkt. No. 3.

[3] Dkt. No. 8.

Hoover filed a Motion to Unseal the Case on July 8, 2010.[4]  The Government filed a Response to Unseal on August 11, 2010 and a Response to Motion to Vacate Search and Seizure Warrant of March 1, 2010 for Remedial Action on August 11, 2010.[5]

Hoover filed a Motion for Summary Judgment on August 13, 2010, Addendum to Summary Judgment on August 31, 2010, Motion to Recuse Judge James E. Seibert on October 14, 2010, and Motion for Default Judgment on October 14, 2010.[6]

## II.  Motion to Recuse James E. Seibert

**A.  Contentions of the Parties**

Hoover contends the Court must recuse itself under 28 U.S.C. 455(a) because the Court is biased against her.  The basis for Hoover's claim of bias is that the Magistrate Judge signed a search and seizure warrant based upon a false affidavit and the Magistrate Judge lacked subject matter jurisdiction over Hoover as set forth in the Motion for Summary Judgment and Addendum.  The Motion for Summary Judgment and Addendum challenge the actions of the United States Attorney in the Southern District of West Virginia.  The only allegations that appear to relate to this Magistrate Judge are that solely Magistrate Judge Kaull, whose office is located at the Clarksburg point of holding Court, not I, had jurisdiction to sign the search warrant and that I should have refused to sign the search warrant on jurisdictional and factual grounds.

The Government has not responded to the motion.

---

[4] Dkt. No. 12.

[5] Dkt. Nos. 16 & 18, respectively.

[6] Dkt. Nos. 19, 20, 24 & 25, respectively.

**B.     Discussion**

Fed. R. Crim. P. 41 details the procedures for obtaining and issuing warrants.  Fed. R. Crim. P. 41(b)(1) provides, in relevant part, as follows: "At the request of a federal law enforcement officer or *an attorney for the government*: a magistrate judge with authority in the district...has authority to issue a a warrant to search for and seize a person or property located within the district." (emphasis added).  That rule does not restrict the issuance of a search and seizure warrant to a magistrate judge whose office is located at any one point of holding Court.  See United States v. Strother, 578 F.2d 397, 401 (D.C. Cir. 1978) (finding "nothing in the statutes or the case law which so limits a judge's power to authorize a search warrant as long as execution occurs in the jurisdiction in which he is empowered to act.").  The authority of a magistrate judge to issue a search and seizure warrant under the rule is district-wide.  See United States v. Gomez, 495 F. Supp. 992, 1012 (S.D.N.Y. 1979).  The allegation that a magistrate judge in the Northern District of West Virginia does not have authority to issue a search and seizure warrant for property located in the Northern District of West Virginia is without merit.

Title 28 U.S.C. §455(a) provides for the disqualification of judges and states, in relevant part, "any...magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The goal of 28 U.S.C. §455(a) is to avoid even the appearance of partiality. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860 (1988).  If it would appear to a reasonable person that the judge has knowledge of facts which would give him an interest in the litigation, the appearance of partiality is created even though no actual partiality exists. Id.

Hoover's conclusory allegations that the affidavit is false provides no specific factual basis for her claim. Conclusory allegations do not provide a basis for recusal. A necessary corollary to the objective "reasonable person" standard inherent in 28 U.S.C. §455(a) is that recusal not be based on frivolous, speculative, or irrational grounds. See Hinman v. Rogers, 831 F.2d 937, 939-940 (10th Cir. 1987); United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986); In re United States, 666 F.2d 690, 695 (1st Cir. 1981). See also Samuel v. University of Pittsburgh, 395 F. Supp. 1275, 1277 (W.D. Pa. 1975) (finding language of 28 U.S.C. §455(a) "does not amount to a grant of automatic veto power."). As stated by the Senate Judiciary Committee in discussing revised §455:

> In assessing the reasonableness of a challenge to his impartiality, each judge must be alert to avoid the possibility that those who would question his impartiality are, in fact, seeking to avoid the consequences of his expected adverse decision. Disqualification for lack of impartiality must have a *reasonable* basis.

S.Rep. No. 93-419, 93d Cong., 1st Sess. 1973, p.5 (emphasis in original).

Not only has Hoover failed to provide any specific factual basis for me to recuse myself, it is clear from Hoover's Motion for Summary Judgment and Addendum that her real complaint is she does not believe the investigation of her and others by the United States Attorney for the Southern District of West Virginia has merit. That is for Grand Jury to decide initially, and if an indictment is returned for a petit jury to decide ultimately. In no event is Hoover's belief about the investigation a basis to recuse me under 28 U.S.C. 455(a). See Maier v. Orr 758 F.2d 1578, 1583 (Fed. Cir. 1985) ("Frivolous and improperly based suggestions that a judge recuse should be firmly declined."); SEC v. Grossman, 887 F. Supp. 649, 658-69 (S.D.N.Y. 1995) (judge has "an affirmative duty...not to disqualify himself unnecessarily.") (citing National Auto Brokers Corp. v. General

Motors Corp., 572 F.2d 953, 958 (2d Cir. 1978); Cobell v. Norton, 310 F. Supp. 2d 102, 109 (D.D.C. 2004) (recusal appropriate only if objective, disinterested observer fully informed of facts underlying grounds on which recusal sought would entertain significant doubt justice would be done in case).

**C.     Decision**

The motion to recuse James E. Seibert is **DENIED** for the reasons stated above.

Any party who appears pro se and any counsel of record, as applicable, may, within fourteen (14) days from the date of this Order, file with the Clerk of the Court the written objections identifying the portions of the Order to which objection is made, and the basis for such objection. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:   October 28, 2010                                  /s/ *James E. Seibert*
                                                            JAMES E. SEIBERT
                                                            UNITED STATES MAGISTRATE JUDGE