UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

IN THE MATTER OF THE SEARCH OF

KATHERINE A. HOOVER'S RESIDENCE,
LOST CREEK, HARRISON COUNTY,
WEST VIRGINIA.                                          CASE NO. 1:10MJ9

## REPORT AND RECOMMENDATION THAT
## MOTION FOR DEFAULT JUDGMENT BE DENIED

I. Introduction

**A.     Background**

On March 1, 2010, a search warrant was issued on the above-captioned residence seeking evidence of a crime; contraband, fruits of a crime, or other items illegally possessed; and property designed for use, intended for use or use in committing a crime related to violations 21 U.S.C. §§ 846, 841(a)(1), 843 (a)(2) and 3 and 18 U.S.C. §§ 1347 and 2.[1]

The search warrant was executed March 2, 2010 and returned March 12, 2010.[2] The return lists, financial records and documents, computers and computer records, income tax returns and patient records were among the things seized.

Katherine A. Hoover ("Hoover") filed a Motion to Vacate Search and Seizure Warrant of March 1, 2010 and for Remedial Action June 14, 2010.[3]

---

[1] Dkt. No. 2.

[2] Dkt. No. 3.

[3] Dkt. No. 8.

Hoover filed a Motion to Unseal the Case on July 8, 2010.[4] The Government filed a Response to Unseal on August 11, 2010 and a Response to Motion to Vacate Search and Seizure Warrant of March 1, 2010 for Remedial Action on August 11, 2010.[5]

Hoover filed a Motion for Summary Judgment on August 13, 2010, Addendum to Summary Judgment on August 31, 2010, Motion to Recuse Judge James E. Seibert on October 14, 2010, and Motion for Default Judgment on October 14, 2010.[6]

## II. Motion for Default Judgment

### A. Contentions of the Parties

Hoover contends she is entitled to have the Clerk enter an Order for Default Judgment under the Fed. R. Civ. P. 55(b)(1) on her Motion for Summary Judgment and her addendum to that motion. The addendum was filed August 30, 2010 and as of October 14, 2010, the day she filed her Motion for Default Judgment, the Government had not responded.

The Government has not filed a response to the Motion for Default Judgment.

### B. Discussion

Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a party fails "to plead or otherwise defend" in accordance with the Rules. United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations. Sun Bank of Ocala v. Pelican Homestead & Say. Ass'n, 874 F.2d 274, 276 (5th Cir. 1989). "[A] party is not entitled to a default

---

[4] Dkt. No. 12.

[5] Dkt. Nos. 16 & 18, respectively.

[6] Dkt. Nos. 19, 20, 24, & 25, respectively.

judgment as a matter of right, even where the defendant is technically in default." Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996). Rather, it is left to the sound discretion of the court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). See also Duncan v. Speach, 162 F.R.D. 43, 45 (E.D. Pa. 1995) (finding movant not entitled to default judgment as of right, even "when the defendant is technically in default.").

Hoover seeks an Order of Default Judgment pursuant to Fed. R. Civ. P. 55(b)(1). This litigation originated through a search warrant that was issued under Fed. R. Crim P. 41(c). Hoover's Motion for Return of Property is filed under Fed. R. Crim. P. 41(g). Hoover has provided no authority that the Federal Rules of Civil Procedure are applicable to this action, which originated under the Federal Rules of *Criminal* Procedure, and the Court can find none. (emphasis added). Further, the Federal Rules of Criminal Procedure contain no rule providing for default judgments.

While the Court can find no authority on point, the closest the Court can find by analogy is U.S. v. Carmichael, 432 F. Supp. 2d 1253 (M.D. Ala. 2006). In Carmichael, after the defendant was convicted of drug and money laundering conspiracy charges, the government filed a motion to enter a default judgment under Fed. R. Civ. P. 55 against a third party potential claimant for failure to file a petition of third-party interest in property forfeited pursuant to the criminal forfeiture statute, 21 U.S.C. §853(n)(2). The Carmichael court denied the government's motion stating "this case presents no civil action in which civil default would be warranted." Id. at 1254. The court found the fundamental preconditions required by Rule 55 include the existence of a civil action. Id. at 1256. In the present case, there is no underlying civil action currently pending. Accordingly, Hoover's Motion must be denied. See also U.S. v. 1998 Freightliner VIN #: 1FUYCZYB3WP886986, 548 F. Supp. 2d 381 (W.D. Tex. 2008) (finding entry of default pursuant to Fed. R. Civ. P. 55 proper

because court was vested with jurisdiction over property seized in criminal arrest because of the civil forfeiture action).

**C.     Recommendation**

The Court recommends the Motion for Default Judgment be **DENIED** because this action is governed by the Federal Rules of Criminal Procedure and the Federal Rules of Civil Procedure have no applicability to this action.

Any party who appears pro se and any counsel of record, as applicable, may, within fourteen (14) days from the date of this Report and Recommendation , file with the Clerk of the Court the written objections identifying the portions of the Report and Recommendation  to which objection is made, and the basis for such objection.  Failure to timely file objections to the Report and Recommendation  set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:   October 28, 2010                      /s/ *James E. Seibert*
                                                JAMES E. SEIBERT
                                                UNITED STATES MAGISTRATE JUDGE