## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

IN THE MATTER OF THE SEARCH OF

KATHERINE A. HOOVER'S RESIDENCE,
LOST CREEK, HARRISON COUNTY,
WEST VIRGINIA.                                          CASE NO. 1:10MJ9

### ORDER GRANTING IN PART MOTION TO UNSEAL CASE

I. Introduction

**A.      Background**

On March 1, 2010, a search warrant was issued on the above-captioned residence seeking

evidence of a crime; contraband, fruits of a crime, or other items illegally possessed; and

property designed for use, intended for use or use in committing a crime related to violations 21

U.S.C. §§ 846, 841(a)(1), 843 (a)(2) and 3 and 18 U.S.C. §§  1347 and 2.[1]

The search warrant was executed March 2, 2010 and returned March 12, 2010.[2]  The

return lists financial records and documents, computers and computer records, income tax

returns and patient records among the things seized.

Katherine A. Hoover ("Hoover") filed a Motion to Vacate Search and Seizure Warrant of

March 1, 2010 and for Remedial Action on June 14, 2010.[3]

---

[1] Dkt. No. 2.

[2] Dkt. No. 3.

[3] Dkt. No. 8.

Hoover filed a Motion to Unseal the Case on July 8, 2010.[4]  The Government filed a Response to Unseal on August 11, 2010 and a Response to Motion to Vacate Search and Seizure Warrant of March 1, 2010 for Remedial Action on August 11, 2010.[5]

Hoover filed a Motion for Summary Judgment on August 13, 2010, Addendum to Summary Judgment on August 31, 2010, Motion to Recuse Judge  James E. Seibert on October 14, 2010, and Motion for Default Judgment on October 14, 2010.[6]

II.  Motion to Unseal Case

**A.**    **Contentions of the Parties**

Hoover contends the entire contents of the file should be unsealed.  She claims no patient files were seized and that "The autopsy photograph was [sic] made public . . . ."

The Government agrees with the movant that the case be unsealed generally but requests the Court maintain the seal of autopsy photos, "Complete Patient Seizure List," "Return/Inventory" and "Affidavit" in support of application for a search and seizure warrant.

**B.**    **Discussion**

"The public's right of access to judicial records and documents may be abrogated only in unusual circumstances."  Stone v. University of Maryland Medical System, 855 F.2d 178, 182 (4th Cir. 1988).  This right to access documents and other court materials derives from two independent sources: the common law and the First Amendment.  Id. at 180.  The distinction between the two sources of access is significant because "the common law does not afford as

---

[4] Dkt. No. 12.

[5] Dkt. Nos. 16 & 18, respectively.

[6] Dkt. Nos. 19, 20, 24 & 25, respectively.

2

much substantive protection to the interests of the press and the public as does the First Amendment." Virginia Dept. of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004) (quoting Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)).

The Supreme Court recognized a common law right to inspect and copy judicial records and documents. In re Knight, 743 F.2d 231, 235 (4th Cir. 1984) (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 597-98 (1979)).  However, this presumption of access is not absolute, and the trial court, in its discretion, has supervisory power over its own records and may seal documents if the public's right of access is outweighed by competing interests.  Id. Sealing of documents is proper when there is a legitimate prosecutional need.  United States v. Ramey, 791 F.2d 317, 321 (4th Cir. 1986).  Legitimate prosecutional  need includes, among other reasons, preventing a person from fleeing and protection of cooperating witnesses.  Id. at 318-20.  Furthermore, the party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.  Virginia Dept. of State Police, 386 F.3d at 575.  Some of the factors to be weighed include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records."  In re Knight, 743 F.2d at 235.  The district court must review the relevant facts and circumstances of the particular case to determine whether to unseal.  Virginia Dept. of State Police, 386 F.3d at 575.  The time to unseal a properly sealed document is within the sound discretion of the trial court.  Ramey, 791 F.2d at 320-22.

In contrast to the common law, the First Amendment right of access has been extended only to particular judicial records and documents.  Id.  If the First Amendment is applicable, "a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'"  Id. (quoting Stone, 855 F.2d at 180).  The party seeking to restrict access has the burden to overcome the First Amendment right of access and must present specific reasons in support of its position.  Id.

When presented with a request to seal judicial records or documents, a court must comply with both substantive and procedural requirements.  Id. at 576.  The court must first determine, substantively, the source of the right of access with respect to each document.  Id.  The court must then follow a procedure to accurately and correctly weigh the appropriate competing interests: give public notice of the request to seal and a reasonable opportunity to challenge the sealing; consider less drastic alternatives to sealing; and, if deciding to seal, state the specific reasons and supporting findings for the decision and the reasons for rejecting alternatives.  Id.

Initially, the Court finds the autopsy photos filed by Hoover to be immaterial to this action.  While Hoover may publish them, the Court finds that it should not publish irrelevant matters  which may offend some people, notwithstanding the fact that the photos have been in the public domain before to some degree. The Court finds the autopsy photos should remain sealed because they would not enhance the public's understanding but would promote public scandal.

The Government seeks to file redacted copies of the "Return/Inventory."  The only information the Government seeks to redact from the "Return/Inventory" is the name of the person related to the nine pills of morphine found on the stove.  The Government states a copy of

the inventory was left at the house so Hoover may ascertain the identity of that individual.  After weighing the competing interests, the Court finds the "Return/Inventory" should remain sealed until March 1, 2011.  The Government must file a pleading by March 1, 2011.  Hoover may respond by March 15, 2011 regarding whether this sealing should persist.

The Government also wishes to redact the "Complete Patient Seizure List" and "Affidavit" to prevent obstruction, witness tampering, retaliation and to protect privileged information.  Further, the Government contends it is in the midst of a continuing investigation.  Accordingly, the Court finds that the "Complete Patient Seizure List" and "Affidavit" should be sealed until March 1, 2011 because the public's right of access is outweighed by the government's need to maintain its investigation.  See In re New York Times Co. v. Biaggi, 828 F.2d 110, 116, *citing* Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 13-14 (1986) ("...documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values...").  The Government must file a pleading by March 1, 2011 and Hoover may respond by March 15, 2011 regarding whether this sealing should continue.

**C.    Decision**

The Motion to Unseal the case is **GRANTED IN PART**.  The autopsy photos shall remain sealed.[7]  The Government shall file redacted copies of the "Complete Patient Seizure List," "Return/Inventory" and "Affidavit" forthwith.  The "Complete Patient Seizure List," "Return/Inventory" and "Affidavit" (Doc. Nos. 1, 2 & 7) shall remain sealed until further Order of the Court.

---

[7] Dkt. No. 8, Exhibit 3.

The Government must file a pleading by March 1, 2011 requesting Document Numbers 1, 2 and 7 to remain sealed.

Hoover may file a response by March 15, 2011 if she wants Document Numbers 1, 2 and 7 to be unsealed.


Any party who appears pro se and any counsel of record, as applicable, may, within fourteen (14) days from the date of this Order, file with the Clerk of the Court the written objections identifying the portions of the Order to which objection is made, and the basis for such objection.  Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.


DATED:   October 28, 2010                           /s/ *James E. Seibert*
                                                    JAMES E. SEIBERT
                                                    UNITED STATES MAGISTRATE JUDGE