**FILED**

UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF WEST VIRGINIA

NOV 1 0 2010

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE MATTER OF THE SEARCH OF:

KATHERINE A. HOOVER MD'S RESIDENCE,
LOST CREEK, HARRISON COUNTY,
WEST VIRGINIA

Case No. 1:10-MJ-9

RESPONSE TO ORDER DENYING MOTION TO RECUSE
JAMES E. SEIBERT

I. INTRODUCTION

A. Background:

The search and seizure warrant issued by Magistrate Judge James E. Seibert on March 1, 2010 was based upon an affidavit done by federal agent Michael Smith. All of the information in the affidavit was from an investigation of the **medical practice** in Williamson, West Virginia. The affidavit quoted former patients who were arrested for selling their medications, a taped informant talking to a former employee, Ms. Camille Helsel, and claims that prescriptions paid for by Medicare were not for medical purposes. Further, the affidavit claimed that all of the money deposited in WesBanco were proceeds paid to Dr. Katherine Hoover by The Practice. Dr. Hoover has demonstrated that these statements are false. The warrant "sought evidence of a crime" where no crime existed. The items seized were in excess of what was allowed by the search warrant: all items belonging to Stephen Tomasic and John F. Tomasic. All of the items seized have been held for over eight months, no charges have been filed and all of the items need to be returned to allow Dr. Hoover, her husband and her son to carry on their business including filing taxes.

History:

Dr. Hoover did file a Motion to Vacate Search and Seizure Warrant of March 1, 2010 on June 14, 2010. Dr. Hoover filed a Motion to Unseal the Case on July 8, 2010, which has been GRANTED. Dr. Hoover filed a Motion to have correspondence to her be by fax or fed-ex (Item 15) because it takes two to three weeks to receive that mail in Nassau, Bahamas where she is currently residing due to serious health problems. There was no objection by the United States attorney to have the correspondence Fed-exed, but Judge Seibert has not ruled on this Motion.

*1*

Dr. Hoover filed a Motion for Summary Judgment on August 13, 2010 and an Addendum to Summary Judgment on August 31, 2010. Since, there has been no response by the United States attorney to the Motion for Summary Judgment, the Motion for Summary Judgment stands and must be Granted. On October 14, 2010, Dr. Hoover filed a Motion for Default Judgment and a Motion to Recuse Magistrate Judge James E. Seibert. The United States attorney did not respond to the Motion to Recuse Magistrate Judge James E. Seibert or to the Motion for Default Judgment, which means that the United States attorney has no legal argument. These Motions must be GRANTED.

On October 28, 2010, Judge Seibert signed Orders: Order Denying Motion to Recuse, Report and Recommendation to Deny Default Judgment and Order Granting in Part Motion to Unseal the Case. Dr. Hoover called the United States District Clerk's office on November 2, 2010 and learned about the Orders for the first time. Dr. Hoover requested that the Orders be faxed. Dr. Hoover received Order Denying Motion to Recuse James E. Seibert. Due to problems with the fax or the connection, Dr. Hoover did not receive Report and Recommendations. Magistrate Judge James E. Seibert refused to allow the clerk in the Clarksburg office to refax the Report and Recommendations. Consequently, Dr. Hoover has not received it and is unable to respond within fourteen days of the signing of the Order. The Court will be able to verify the time that it takes to receive mail when the Clerk receives the return receipt. Clearly, this demonstrates bias on the part of Seibert.

## II. MOTION TO RECUSE JAMES E. SEIBERT
A. Background

Dr. Hoover contends that Judge Seibert must recuse himself because of bias under 28 USC 455(a) and (b)(5) iii "is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;" If the Court loses subject matter jurisdiction, the Court loses all of its immunities. Dr. Hoover demonstrated that the search and seizure warrant was based upon a false affidavit. and without subject matter jurisdiction. The affidavit is false because **medical care** cannot be judged by an attorney, law enforcement officer, or a judge. The sole discretion for deciding medical care under the Vienna Convention, **Gonzales** v. Oregon, and **West Virginia** law S30-3A-2 rests with the doctor, nurse and pharmacist. The allegations made by Dr. Hoover against Ms. Schwartz directly affect this court because the search and seizure of Dr. Hoover's, Mr. John Tomasic's and Mr. Stephen Tomasic's property was done at the request of Ms. Schwartz. Ms. Schwartz lacked subject matter jurisdiction. Therefore Magistrate Judge James E. Seibert lacked subject matter jurisdiction and is in violation of the United States Constitution. The United States attorney has not rebutted Dr. Hoover's Motion for Summary Judgment. Therefore, it stands and must be GRANTED. There are no pending criminal charges so this is a civil action (see

Mora v. United States 955 Fed 2d 156, 158 (2nd Circuit 1992) "where no criminal proceedings against the movant are pending or have transpired, a motion for return of property is treated as a civil equitable proceeding even if it is styled as being pursuant to Fed. R. Crim. P. 41(g).") Seizure of property from someone is prima facie evidence of that person's entitlement U.S. v. Francis 646 F.2d 251 (6th Circ. 1981).

B. Discussion

Magistrate Judge James E. Seibert lacked **subject matter jurisdiction** in the matter of the search of Dr. Katherine Hoover's property. Magistrate Judge Seibert has not offered any law or argument which would uphold his authority regarding subject matter jurisdiction. Judge Seibert was a minion of Ms. Schwartz when he signed a search and seizure warrant at her request, through the person of her former colleague Mr. James Parr. The United State's attorney for the Northern District of West Virginia has agreed that there is no subject matter jurisdiction by failing to respond to Dr. Hoover's Motion for Summary Judgment. Recusal is required where Dr. Hoover's due process rights would be compromised as discussed in Caperton v. A. T. Massey Coal Co., Inc. 129 S.Ct.2252. Much as in Murchison, 349 U.S. 133, Magistrate Judge Seibert has ruled that the Search and Seizure Warrant is valid and now he must, by law, ruled that it is invalid. Due Process requires his disqualification.

Magistrate Judge James E. Seibert demonstrates his bias by making argument for the United State's attorney that opposes the Constitution and the Vienna Convention. As the Court knows, treaty law takes precedent over any federal or state law. With medical care, the doctor has jurisdiction: "nothing in the Convention will interfere with ethical medical practice in this country as **determined** by the Secretary of Health and Human Services on the basis of a consensus of the views of the American **medical** and scientific community." (emphasis added) This is verbatim from USC Title 21 Chapter 13 Subchapter I Part A 801a(3)(C). Dr. Hoover and other physicians made judgments on the type of care a patient needed and those were followed based upon pain treatment guidelines promulgated by the West Virginia Board of Medicine. To second guess those decisions, after the fact, is impossible and violates the Vienna Convention. Ms. Schwartz, Mr. Parr, Michael Smith and Magistrate Judge James E. Seibert attempted to make after the fact judgments on patient care. They lack expertise, and more importantly, lack subject matter jurisdiction to make a judgment on patient care. Therefore, Judge James E. Seibert lacked subject matter jurisdiction over Dr. Hoover and should be recused. Summary Judgment must be GRANTED because the pleadings are accurate and truthful. The United States attorney has failed to respond and the Court by attempting to respond for them clearly demonstrates his bias. Lilieberg v. Health Services Acquisition Corp. 486 U.S. 847 is controlling as cited by Magistrate Judge James E. Seibert "If it would appear to a reasonable person that the judge has

appearance of partiality is created even though no actual partiality exists." Judge Seibert has demonstrated his partiality by making argument for the United States attorney when the US attorney filed no response as acknowledged by the Court.

The controlling principles and law in this case are: The **Tenth Amendment** to the United States Constitution which limits federal jurisdiction: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or **to the people.**" (emphasis added) The Constitution limits federal jurisdiction and does not give the federal government jurisdiction over medical care. The matter of subject matter jurisdiction is what the United States Supreme Court decided in Gonzales. The medical community has control over the prescribing of psychotropic medications. Dr. Hoover was a member of the medical community making decisions regarding prescribing to the patients in her care. The **Fourth Amendment** "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated..." The search of the Harrison county property clearly violated the Fourth Amendment.

The VIENNA CONVENTION of 1971 dealt specifically with psychotropic medications and divided the control between criminal use and medical and scientific use. The scheduling and guidelines for medical and scientific use are done by the World Health Organization. President Nixon sent a letter to the United States Congress requesting that the Congress promulgate law to implement the Convention separating medical use from criminal use. Congress complied by passing 21 USC Chapter 13 Subchapter I Part A S 801 as previously cited. The reason for the distinct separation of powers regarding subject matter jurisdiction was to protect the citizens from overly aggressive police action.

The Court is in error for its failure to cite the prosecution for violation of treaty law and lack of subject matter jurisdiction. The warrant was issued based upon a false affidavit with a verification signed by Michael Smith. Mr. Smith cannot make any judgment on the validity of the prescriptions written and filled by the patients of the practice. Those judgments were made by the doctors at The Practice and by the pharmacists who filled them. The doctors, nurses, and pharmacists are protected by the Vienna Convention, federal law and West Virginia law which specifically gives the medical community immunity from criminal prosecution. Magistrate Judge James E. Seibert was in violation of these laws when he signed the search and seizure warrant of March 1, 2010 and he continues to violate the law by failing to Order the return of the property illegally seized. This failure has caused undue pain and suffering to Dr. Katherine Anne Hoover and to her family. The suffering that has been endured by them is incomprehensible. The suffering endured by the patients is beyond cruel and unusual punishment.

The current system allows the "government" to seize a citizen's property without just cause and thus prevents the citizen from being able to prove their

innocence. The principle "innocent until proven guilty" has been destroyed by the "government's" abuse of its citizens. The ideals of the United States stated by Abraham Lincoln in the Gettysburg Address November 19. 1863 "that this nation shall have a new birth of freedom, and that government of the people, by the people, for the people, shall not perish from this earth" has been sacrificed to the War on Drugs. The War on Drugs is a war against the citizens of the United States. The problems of chronic pain and chronic addiction are challenging to deal with. These problems become impossible to manage with the use of informants illegally masquerading as patients. Dr. Hoover, her family, and the patients of The Practice are innocent victims of the overbreadth, inaccurate interpretation of the drug laws.

Dr. Hoover has jurisdiction over the medical care of her patients. The decisions made by Dr. Hoover and the other doctors in the practice were made based upon the facts presented to them. Every patient deserves a doctor who believes them. The Practice implemented safeguards to eliminate patients who sold their medications in violation of their contract and to refer patients with addiction problems rather that pain problems for the proper assistance. Patients were treated with respect and their problems were honored. Horror was created when Jurisdiction was illegally seized by Ms. Monica Schwartz with the support of Magistrate Judge Seibert.

WHEREFORE, Judge Seibert should recuse himself or be recuse by the Circuit Court Judge who is assigned to this case. Summary judgment is due as a matter of law. All property should be returned to Dr. Katherine A. Hoover, John F. Tomasic and Stephen J. Tomasic. Damages should be awarded to the affected parties at the Court's discretion.

Respectfully submitted,

*Katherine A. Hoover, MD*
Katherine A. Hoover MD

5

## CERTIFICATE OF SERVICE

I, Katherine A. Hoover MD, do hereby certify that I have faxed a true and correct copy of the foregoing RESPONSE TO ORDER DENYING MOTION TO RECUSE JAMES E. SEIBERT and Request for an Extension on November 10, 2010 to 304-234-0113 and to the Associated Press.


Katherine A. Hoover MD
c/o Dr. Norman Gay
247 West Bay Street N-3222
Nassau, N.P., Bahamas
fax: 242-328-4014
phone: 243-525-4018