**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF WEST VIRGINIA**

IN THE MATTER OF THE SEARCH OF

KATHERINE A. HOOVER'S RESIDENCE,
LOST CREEK, HARRISON COUNTY,
WEST VIRGINIA. CASE NO. 1:10-MJ-9

# REPORT AND RECOMMENDATION THAT HOOVER'S MOTION FOR DECLARATORY JUDGMENT BE DENIED

## I. Introduction

### A. Background

This matter comes before the Court on a search warrant that was issued on March 1, 2010 on the above-captioned residence seeking evidence of a crime; contraband, fruits of a crime, or other items illegally possessed; and property designed for use, intended for use or use in committing a crime related to violations 21 U.S.C. §§ 846, 841(a)(1), 843 (a)(2) and 3 and 18 U.S.C. §§ 1347 and 2.[1]

The search warrant was executed March 2, 2010 and returned March 12, 2010.[2] The return lists financial records and documents, computers and computer records, income tax returns and patient records as among the things seized.

Katherine A. Hoover (hereinafter "Hoover") filed a Motion to Vacate Search and Seizure Warrant of March 1, 2010 and for Remedial Action June 14, 2010.[3]

Hoover filed a Motion to Unseal the Case on July 8, 2010.[4] The Government filed a

[1] Dkt. No. 2.

[2] Dkt. No. 3.

[3] Dkt. No. 8.

[4] Dkt. No. 12.

Response to Unseal on August 11, 2010 and a Response to Motion to Vacate Search and Seizure Warrant of March 1, 2010 for Remedial Action on August 11, 2010.[5]

Hoover filed a Motion for Summary Judgment on August 13, 2010, Addendum to Summary Judgment on August 31, 2010, Motion to Recuse Judge James E. Seibert on October 14, 2010, and Motion for Default Judgment on October 14, 2010.[6]

## II. Motion for Declaratory Judgment

**A.     Contentions of the Parties**

In Hoover's Addendum to her Motion for Summary Judgment, Hoover requests the Court to grant summary judgment or, alternatively, to grant declaratory judgment. Hoover argues declaratory judgment is proper in the pending action because "the issue of subject matter jurisdiction has been raised extensively by Dr. Hoover and not responded to by Mr. Parr or Ms. Schwartz." See Hoover's Addendum, pg. 5 (Dkt. 21). Hoover contends declaratory judgment is an appropriate remedy because "it would 1) settle the case; 2) clarify the legal relations at issue; it is not for 3) procedural fencing; it would 4) decrease friction between state and federal courts." Id.

The Government has not responded to Hoover's motion.

**B.     Discussion**

The Declaratory Judgment Act, in relevant part, provides: "[i]n a case of actual controversy within its jurisdiction...any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not [sic] further relief is or could be sought." 28 U.S.C.

---

[5] Dkt. Nos. 16 & 18, respectively.

[6] Dkt. Nos. 19, 20, 24, & 25, respectively.

§2201(a).

    The Declaratory Judgment Act, 28 U.S.C. §2201(a), is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant. Wilton v. Seven Falls Co., 515 u.S. 277, 287, 115 S. Ct. 2137, 2143 (1995) (quoting Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)). "The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton, 515 U.S. at 286. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Id. at 289. The Declaratory Judgment Act allows federal courts to render declaratory judgments only when an "actual controversy" exists. See Crown Drug Co. v. Revlon, Inc., 703 F.2d 240, 243 (7th Cir. 1983). "The question...is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941). "The defendant must have engaged in conduct giving rise to a reasonable apprehension on plaintiff's part that it will face...suit or the threat of one if it commences or continues the activity in question." Trippe Mfg. Co. v. American Power Conversion Corp., 46 F.3d 624, 627 (7th Cir. 1995) (quoting International Harvester Co. v. Deere & Co., 623 F.2d 1207, 1210 (7th Cir. 1980). "The focus of the inquiry must rest on the defendant's statements and conduct...." Trippe, 46 F.3d at 627.

    The Court of Appeals for the Fourth Circuit identified the following factors for a district court to use in determining whether to hear a declaratory judgment action: (1) whether declaratory relief will serve a useful purpose in clarifying and settling the legal relations at issue;

(2) whether declaratory relief will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding; (3) whether the state has a strong interest in having the issues decided in its courts; (4) whether the state courts could resolve the issues more efficiently than the federal courts; (5) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between state and federal courts; (6) whether the federal action is mere "procedural fencing" in the sense that the action is merely the product of forum shopping; and (7) the existence of a parallel state court proceeding. Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937) (citing E. Borchard, Declaratory Judgments, 107-109 (1934)); Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 376 (4th Cir. 1994); Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co., 139 F.3d 419, 423 (4th Cir. 1998). Federal courts, however, have "discretion to decline to hear a declaratory judgment action, even thought it is within their jurisdiction." Tempco Electric Heater Corp. v. Omega Engineering, Inc., 819 F.2d 746, 747 (7th Cir. 1987).

The Court finds Hoover's Motion for Declaratory Judgment must fail.  While the Declaratory Judgment Act permits a federal court to render a declaratory judgment, Hoover has not met the requirements of showing an actual controversy.  Specifically, Hoover has not alleged facts that "show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941).  Accordingly, the Court will decline to entertain Hoover's Motion for Declaratory Judgment. See Tempco Electric Heater Corp. v. Omega Engineering, Inc., 819 F.2d 746, 747 (7th Cir. 1987).

### C.      Recommendation

It is recommended Hoover's Motion be **DENIED** for the aforementioned reasons.

Filing of objections does not stay this Order.

Any party who appears pro se and any counsel of record, as applicable, may, within fourteen (14) days from the date of this Report and Recommendation , file with the Clerk of the Court the written objections identifying the portions of the Report and Recommendation  to which objection is made, and the basis for such objection.  Failure to timely file objections to the Report and Recommendation  set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:  December 30, 2010                         /s/ *James E. Seibert*
                                                                              JAMES E. SEIBERT
                                                                              UNITED STATES MAGISTRATE JUDGE