UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

IN THE MATTER OF THE SEARCH OF

KATHERINE A. HOOVER'S RESIDENCE,
LOST CREEK, HARRISON COUNTY,
WEST VIRGINIA.                                              CASE NO. 1:10-MJ-9

**REPORT AND RECOMMENDATION THAT HOOVER'S
MOTION FOR SUMMARY JUDGMENT, ADDENDUM, AND MOTION FOR FAILURE
TO RESPOND IN A TIMELY MANNER TO MOTION FOR SUMMARY JUDGMENT
BE DENIED**

I.  Introduction

**A.    Background**

This matter comes before the Court on a search warrant that was issued on March 1, 2010 on the above-captioned residence seeking evidence of a crime; contraband, fruits of a crime, or other items illegally possessed; and property designed for use, intended for use or use in committing a crime related to violations 21 U.S.C. §§ 846, 841(a)(1), 843 (a)(2) and 3 and 18 U.S.C. §§ 1347 and 2.[1]

The search warrant was executed March 2, 2010 and returned March 12, 2010.[2] The return lists financial records and documents, computers and computer records, income tax returns and patient records as among the things seized.

Katherine A. Hoover (hereinafter "Hoover") filed a Motion to Vacate Search and Seizure Warrant of March 1, 2010 and for Remedial Action June 14, 2010.[3]

---

[1] Dkt. No. 2.

[2] Dkt. No. 3.

[3] Dkt. No. 8.

Hoover filed a Motion to Unseal the Case on July 8, 2010.[4]  The Government filed a Response to Unseal on August 11, 2010 and a Response to Motion to Vacate Search and Seizure Warrant of March 1, 2010 for Remedial Action on August 11, 2010.[5]

Hoover filed a Motion for Summary Judgment on August 13, 2010, Addendum to Summary Judgment on August 31, 2010, Motion to Recuse Judge James E. Seibert on October 14, 2010, and Motion for Default Judgment on October 14, 2010.[6]

### I.  Motion for Summary Judgment & Addendum

**A.  Contentions of the Parties**

In her Motion for Summary Judgment and Addendum, Hoover "commands the Court to issue SUMMARY JUDGMENT and ORDER the return of all of the property removed…" from Hoover's residence. See Hoover's Mot. for Summary J., pg. 1 (Dkt 19).  The overarching basis behind Hoover's Motion for Summary Judgment is that the parties involved in obtaining and issuing the search warrant lacked subject matter jurisdiction to act. See Hoover's Mot. for Summary J., pg. 2, 4 (Dkt 19).  Specifically, Hoover argues Oregon v. Ashcroft, 192 F. Supp. 2d 1077 (D. Or. 2002) establishes that the "States have total jurisdiction over the practice of medicine." Id. at 4.  Hoover contends, therefore, that the actions of the parties involved in the obtaining and issuance of the search warrant for her private residence violated her constitutional rights despite the Controlled Substances Act (hereinafter "CSA") having been "set up by Congress to deal with the problem of drug abuse and drug trafficking in the United States." Id. at 4.  Hoover requests summary judgment be entered by the Court in her Motion to Vacate Search

---

[4] Dkt. No. 12.

[5] Dkt. Nos. 16 & 18, respectively.

[6] Dkt. Nos. 19, 20, 24, & 25, respectively.

and Seizure Warrant of March 1, 2010 for the aforementioned reasons.

The Government has not responded to Hoover's Motion for Summary Judgment nor its Addendum.

**B.      Discussion**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  The court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

In <u>Celotex</u>, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. 477 U.S. at 323.  Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  The nonmoving party must present specific facts showing the existence of a genuine issue for trial. <u>Id.</u>  This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but...must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 256.  The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary

judgment. Id. At 248.  To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).  Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248.  Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, 475 U.S. at 587 (citation omitted).

Hoover seeks an Order of Summary Judgment pursuant to Fed. R. Civ. P. 56.  This litigation originated through a search warrant that was issued in accordance with Fed. R. Crim. P. 41(c).  Both Hoover's Summary Judgment Motion and accompanying Addendum seek relief under the Federal Rules of Civil Procedure, yet Hoover has provided no authority that the Federal Rules of Civil Procedure are applicable to this action.  Hoover's contention is patently frivolous.  By definition, the Federal Rules of *Civil* Procedure do not apply to criminal cases. See Fed. R. Civ. P. 1 ("[t]hese rules govern the procedure in the United States district courts in all suits of a civil nature") (emphasis added).  Rule 56 applies *only* to civil cases. See U.S. v. Campos, Cr. No. S-95-0020 EJG, 2008 U.S. Dist. LEXIS 16230, at *1 (E.D. Ca. Feb. 19, 2008) (finding federal rules of civil procedure inapplicable in criminal cases) (emphasis added). Accordingly, Hoover's Motion for Summary Judgment and Addendum must fail.

**C.     Recommendation**

It is recommended Hoover's Motion for Summary Judgment and Addendum be **DENIED**.

I. <u>Failure to Respond in a Timely Manner to Motion for Summary Judgment</u>

A. **Contentions of the Parties**

In her Motion captioned "Failure to Respond in a Timely Manner to Motion for Summary Judgment," Hoover contends the Court must grant "summary judgment and award damages because no response has been filed by the United States attorneys." <u>See</u> Hoover's Mot., pg. 1 (Dkt. 23).

The Government has not responded to Hoover's Motion.

B. **Discussion**

Pursuant to Rule 56(c)(1)(B) of the Federal Rules of Civil Procedure a party opposing a motion for summary judgment must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later. Fed. R. Civ. P. 56(c)(2) provides that "the judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact **and** that the movant is entitled to judgment as a matter of law. <u>See</u> <u>also</u> <u>Murray v. City of Tahlequah</u>, 312 F.3d 1196 (10th Cir. 2002) (court must make specific determinations required for granting of summary judgment); <u>United States v. Real Property Located at Incline Village</u>, 47 F.3d 1511 (9th Cir. 1995) (summary judgment cannot be granted without consideration of whether motion and supporting papers satisfy requirements of Rule 56); <u>Brydges v. Lewis</u>, 18 F.3d 651 (9th Cir. 1993) (Court may not grant motion for summary judgment simply because nonmoving party does not file opposing material); <u>Anchorage Ass'n v. Virgin Islands Bd. of Tax Review</u>, 922 F.2d 168 (3d Cir. 1990) (finding automatic entry of summary judgment when opposing party fails to respond at variance with Rule 56 which requires a finding judgment for moving party to be appropriate).

Here, while Hoover is correct in asserting the Government is deficient in failing to file a response, Hoover's Motion must be denied. Hoover seeks an Order of Summary Judgment pursuant to Fed. R. Civ. P. 56. This litigation originated through a search warrant that was issued in accordance with Fed. R. Crim. P. 41(c). Hoover's Motion seeks relief under the Federal Rules of Civil Procedure, yet Hoover has provided no authority that the Federal Rules of Civil Procedure are applicable to this action. By definition, the Federal Rules of *Civil* Procedure do not apply to criminal cases. See Fed. R. Civ. P. 1 ("[t]hese rules govern the procedure in the United States district courts in all suits of a civil nature") (emphasis added). Rule 56 applies *only* to civil cases. See U.S. v. Campos, Cr. No. S-95-0020 EJG, 2008 U.S. Dist. LEXIS 16230, at *1 (E.D. Ca. Feb. 19, 2008) (finding federal rules of civil procedure inapplicable in criminal cases) (emphasis added). Accordingly, Hoover's Motion must fail.

Additionally, presuming Fed. R. Civ. P. 56 was applicable, the Court finds Hoover's argument that she is entitled to an automatic entry of summary judgment to be technically deficient. The Federal Rules of Civil Procedure require the Court to determine both that there exists no genuine issue as to any material fact **and** that Hoover is entitled to judgment as a matter of law. See Brydges v. Lewis, 18 F.3d 651 (9th Cir. 1993) (Court may not grant motion for summary judgment simply because nonmoving party does not file opposing material). Therefore, the Court finds Hoover's argument for an automatic entry of summary judgment to be without merit.

C. **Recommendation**

It is recommended Hoover's Motion be **DENIED** for the aforementioned reasons.

Filing of objections does not stay this Order.

Any party who appears pro se and any counsel of record, as applicable, may, within fourteen (14) days from the date of this Report and Recommendation , file with the Clerk of the Court the written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.  Failure to timely file objections to the Report and Recommendation  set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:  December 30, 2010            /s/ *James E. Seibert*
                                     JAMES E. SEIBERT
                                     UNITED STATES MAGISTRATE JUDGE